UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW R STOTTLER,

Plaintiff,

v.

KENNIDY GREEN, and
TRISHA MEMS,

Defendants.

Case No. 26-cv-00071-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Matthew Stottler's Motion to Remand (Doc. 20). He argues that the Court must remand this case to the Circuit Court of the First Judicial Circuit, Jackson County, Illinois, because Defendants Kennidy Green ("Green") and Trisha Mems ("Mems")'s removal was untimely. He also seeks an award of costs and fees pursuant to 28 U.S.C. § 1447(c). Defendants filed a response (Doc. 23), and Plaintiff filed a reply (Doc. 27).

## I.    BACKGROUND

This case arises from a motor vehicle accident that occurred at the intersection of South Illinois Avenue and West Grand Avenue in Carbondale, Illinois. Plaintiff alleges that a vehicle driven by Green, and owned by Mems, collided with the rear end of his vehicle while he was stopped on West Grand Avenue and waiting to turn onto South Illinois Avenue. Plaintiff filed his complaint in the Jackson County Circuit Court on August 15, 2025. His complaint asserts two claims: (1) a claim for negligence against Green; and (2) a claim for negligence entrustment against Mems. On December 11, 2025, the Illinois Attorney General filed a Notice of Lien under 820 ILCS 305/5(b) stating that they have a lien in the amount of $138,882.59 for expenses paid to Plaintiff for personal injury damages arising from the accident. The Notice of Lien was served

on Defendants on January 20, 2026. Two days later, on January 22, 2026, Defendants removed the case to this Court under its original diversity jurisdiction. Plaintiff filed the pending motion to remand on February 10, 2026.

## II.    LEGAL STANDARD

The removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts have original diversity jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

There are time limits for when a defendant can remove a case. If the case stated by the plaintiff's initial pleading is removable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"While the time limitation imposed by § 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted). The thirty-day time period "is mandatory, and cannot be

2

extended by the consent of the parties or court order." *Dawn Carroll, Inc. v. E. Time Co.*, No 97 C 876, 1997 WL 413932, at *2 (N.D. Ill. July 18, 1997). Thus, if the notice of removal is defective for failure to meet time requirements, the Court should remand the case pursuant to 28 U.S.C. § 1447(c).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "The removal statute should be interpreted narrowly, and courts should 'presume that the plaintiff may choose his or her forum.'" *Barnard v. Walmart, Inc.*, No. 3-21-CV-1208-NJR, 2022 WL 1538548, at *2 (S.D. Ill. May 16, 2022) (quoting *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007)). In other words, "there is a strong presumption in favor of remand." *Fuller*, 472 F. Supp. 2d at 1091.

## III.    ANALYSIS

The parties do not dispute that this action is within the Court's original diversity jurisdiction. Instead, the issue is the timeliness of removal. Plaintiff argues that the case stated by the complaint was removable. Defendant, on the other hand, argues that the case became removable when it was served with the Notice of Lien.

The Court finds that it must remand this action to the Jackson County Circuit Court because it was readily ascertainable from the face of the complaint that Plaintiff sought more than $75,000 in damages. In the complaint, Plaintiff alleges that he "suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his body and sustained serious aggravations to pre-existing injuries and ailments, and became and was sick and disabled and will in the future suffer great pain and discomfort and physical impairment, all of which injuries

3

are permanent." Further, he states that he "has been and will be kept from attending to his ordinary affairs and duties, and has lost or will in the future lose great gains which he otherwise would have made and acquired." He also contends that he "has become liable for large sums of money for medical and hospital care and attention and has suffered great losses to his personal property and possessions."

In personal injury suits, "these statements should sound warning bells in defendants' ears that significant damages are sought." *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). "Indeed, courts have routinely held that when [a plaintiff] allege[s] serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the [plaintiff's] damages exceeded the jurisdictional amount, thus triggering the 30-day removal period under the first sentence of § 1446(b)." *Id.* Plaintiff's complaint does not contain merely boilerplate allegations. Rather, it describes his injuries using extreme adjectives, such as "severe," "serious," and "permanent," and gives detail as to the nature and extent of his injuries. As such, it provided Defendant with sufficient notice of removability.

Now that the Court has determined that remand is proper, it must address Plaintiff's request for costs and fees under 28 U.S.C. § 1447(c). Section 1447(c) states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court finds that Defendant had an objectively reasonable basis for seeking removal. Both

4

their notice of removal and their response brief cited cases that support their position. As such, the Court declines to award Plaintiff his costs and fees under 28 U.S.C. § 1447(c).

## IV.    **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff Matthew Stottler's Motion to Remand (Doc. 20). It REMANDS this action to the Circuit Court of the First Judicial Circuit, Jackson County, Illinois pursuant to 28 U.S.C. § 1447(c). However, it declines to award Plaintiff his costs and fees incurred because of removal.

**IT IS SO ORDERED.**
**DATED**: **April 6, 2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

5